UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA ROBINSON and COMMONWEALTH SECOND AMENDMENT, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> JOHN E. MAWR, JR., in his official capacity as Colonel of the Massachusetts State Police, <br><br> Defendant. | CIVIL ACTION NO. <br><br> **COMPLAINT** <br><br> PRELIMINARY EQUITABLE RELIEF REQUESTED |

Plaintiffs LISA ROBINSON and COMMONWEALTH SECOND AMENDMENT, INC. as and for their Complaint against Defendant JOHN E. MAWR, JR., allege as follows:

1. Recent amendments to Massachusetts firearms laws completely preclude people from applying for new handgun licenses—now, and continuing indefinitely into the future. The direct result is to ban all people in Massachusetts from possessing and carrying handguns—conduct that lies in the core of the Second Amendment's protection—unless they already hold licenses. This veritable ban will continue until the Massachusetts State Police (and a couple other agencies) adopt new training course regulations and requirements, and then, having done so, then approve new training courses designed to meet the new requirements.

2. The Plaintiffs, and the people at large, need the Court's intervention to protect their right to keep and bear arms during whatever period it may take for the Commonwealth to draft new regulations and then approve new courses. As it stands, Defendant has indefinitely postponed the licensing process that people must go through in order to exercise their rights, which indefinitely prohibits people from exercising their rights. That, however, is one of the "policy choices" that is "off the table." *District of Columbia v. Heller*, 554 U.S. 570, 636 (2008).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331, 1343, 2201, 2202 and 42 U.S.C. §1983.

4. This Court has personal jurisdiction over each of the Defendants because, inter alia, each Defendant has acted, acts and threatens to act under the color of laws, policies, customs and/or practices of the Commonwealth of Massachusetts and each did so, does so and threatens to do so within the geographic confines of the Commonwealth of Massachusetts.

5. Venue is proper pursuant to 28 U.S.C. §1391.

6. The Eastern Division is appropriate pursuant to LR 40.1(d)(1)(A) because all parties reside in the Eastern Division.

## PARTIES

7. Plaintiff LISA ROBINSON is a natural person residing in the Town of Medway in Norfolk County, Massachusetts.

8. Plaintiff COMMONWEALTH SECOND AMENDMENT, INC. ("Comm2A") is a non-profit corporation organized under Massachusetts law with its principal place of business in the Town of Natick in Middlesex County, Massachusetts.

9. Defendant JOHN E. MAWR, JR. ("Colonel Mawr") is sued in his official capacity as Colonel of the Massachusetts State Police, responsible for general law enforcement functions within the Commonwealth, including the administration of firearms licensing, and more specifically, the administration of the firearms training requirements at issue here. Colonel Mawr's business address is 470 Worcester Road, Framingham, MA 01702, which is located in Middlesex County. As detailed herein, Defendant Colonel Mawr has enforced, is enforcing and threatens to enforce the challenged laws, policies, customs and practices against the Plaintiffs.

## CONSTITUTIONAL PROVISIONS

10. The Second Amendment to the United States Constitution provides:

> A well-regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed.

U.S. Const. amend. II.

11. The Fourteenth Amendment provides in pertinent part:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. XIV, §1.

12. The Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation." *Heller*, 554 U.S. at 592.

13. The Supreme Court has expressly "h[e]ld . . . that the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 10 (2022).

14. The Second Amendment is "fully applicable to the States." *McDonald v. City of Chicago*, 561 U.S. 742, 750 (2010); *see also id.* at 805 (Thomas, J., concurring).

15. The Second Amendment invalidates laws and other state action that burden the right to keep and bear arms, unless "the government [can] demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Bruen*, 597 U.S. at 17.

16. Laws that impose prior restraints on the exercise of constitutional freedoms, including the right to bear arms, must "contain only 'narrow, objective, and definite standards.'" *See Bruen*, 597 U.S. at 38 n.9 (quoting *Shuttlesworth v. Birmingham*, 394 U.S. 147, 151 (1969)). Pertinently, such laws must "provide for an effective limitation on the time within which the

licensor's decision must be made." *See FW/PBS, Inc. v. City of Dallas*, 439 U.S. 215, 229 (1990). In *Bruen*, the Court specifically observed that "lengthy wait times in processing license applications" were subject to constitutional challenge. *See Bruen*, 597 U.S. at 38 n.9.

## PERTINENT STATUTES AND REGULATIONS

17. In Massachusetts, it is unlawful to "own or possess" any handgun, rifle or shotgun unless one holds either a Firearms Identification card ("FID") or a License to Carry Firearms ("LTC"). It is also illegal to possess "ammunition" unless one holds either a FID or LTC. Both of these licenses allow an individual to purchase and possess rifles and shotguns, but only a LTC authorizes its holder to purchase, possess and carry a handgun. *See* M.G.L. c. 140, §§129B-129C; *id.* c. 269, §10(a), (h)(1).

18. The licensing statute provides that an individual seeking a LTC "may submit . . . an application" to their designated "licensing authority," and that the licensing authority "shall issue" the license unless the applicant does not meet the statutory requirements. *See* M.G.L. c. 140, §131(d). Normally, a person's "licensing authority" is the chief police officer in the city or town where they reside or have a place of business. *See id.* §121.

19. Among other things, a person seeking a LTC must meet requirements related to their age, criminal background, and mental fitness. *See* M.G.L. c. 140, §131(d)(i)-(x). Furthermore, licensing authorities can deny LTCs to individuals found to be "unsuitable" in that they otherwise "create a risk to public safety." *See id.* §131(d). None of these requirements are at issue in this case.

20. The licensing statute provides that the licensing authority "shall, within 40 days from the date of application, either approve the application and issue the license or deny the application and notify the applicant of the reason for such denial in writing[.]" *See* M.G.L. c. 140, §131(e).

21. In 1998, the General Court first enacted legislation that required individuals seeking LTCs to complete training and "submit . . . a basic firearms safety certificate" with their license applications. *See* 1998 Mass. Acts c. 180, sec. 47, §131P(a). The legislation directed the Colonel of State Police to promulgate regulations and to review and approve both instructors and training programs. *See id.* §131P(b). Pertinently, it also provided that "[n]o application for the issuance of a [FID] or [LTC] shall be accepted or processed by the licensing authority without such certificate attached thereto," with exceptions not pertinent here (*e.g.* for law enforcement). *Id.* §131P(a). Finally, it provided that "[p]ersons lawfully possessing a [FID] or [LTC] firearms on June 1, 1998 shall be exempt from the provisions of this section upon expiration of such card or license and when applying for licensure as required under this chapter." *Id.* Notwithstanding some minor amendments, this same essential statutory structure has remained in place until very recently. *See* 2014 Mass. Acts c. 284, §§66-69; M.G.L. c. 140, §131P(a)-(b).

22. On July 25, 2024, Governor Healey approved legislation as Chapter 135 of the 2024 session laws that, as is pertinent here, amends the training requirements. Chapter 135 directs that "[t]he colonel of state police, in consultation with the municipal police training committee, shall promulgate rules and regulations governing the issuance and form of basic firearms safety certificates required pursuant to this section, including minimum requirements for course curriculum and the contents of any written examination." 2024 Mass. Acts c. 135, sec. 74, §131P(b)(i).

23. Furthermore, the new legislation provides that "[t]he colonel shall create a written examination and establish minimum requirements to pass said examination that shall be used in all firearm safety courses or programs mandated under this section." 2024 Mass. Acts c. 135, sec. 74, §131P(b)(i).

24. The new legislation requires that training courses include components addressing: "(A) the safe use, handling and storage of firearms; (B) methods for securing and childproofing firearms; (C) the applicable laws relating to the possession, transportation and storage of firearms; (D) knowledge of operation, potential dangers and basic competency in the ownership and use of firearms; (E) injury and suicide prevention and harm reduction education; (F) applicable laws relating to the use of force; (G) disengagement tactics; and (H) live firearms training." 2024 Mass. Acts c. 135, sec. 74, §131P(b)(ii).

25. Any proposed training curriculum cannot be used until after the colonel of state police has certified it to comply with the new requirements. *See* 2024 Mass. Acts c. 135, sec. 74, §131P(b)(ii).

### DEFENDANT COLONEL MAWR'S ADMINISTRATION AND ENFORCEMENT OF THE TRAINING REQUIREMENTS

26. On July 31, 2024, Defendant Colonel Mawr, acting by means of his agent, representative and/or delegate Kristin M. Ryan, who is the program director of "firearm licensing" at Massachusetts State Police, sent an email notification to (on information and belief) all of the certified firearms instructors in Massachusetts. The title of the message was "Basic Firearms Instructor – New Legislation Notification" and a copy is attached as Exhibit 1.

27. As indicated in Exhibit 1, the July 31 notification outlined some of the essential changes in the new legislation, including some discussed above, and stated the desire to adopt implementing regulations by October 23, 2024.

28. Most significantly, the July 31 notification directed that "any classes taught after August 1, 2024, that do not adhere to the updated curriculum will not be sufficient for the issuance of an LTC. This will need to be disclosed to potential students." Exhibit 1.

29. As such, it has effective immediately become impossible for any person to apply for or obtain a LTC, unless they already hold a Massachusetts firearms license. As things stand, and as they will continue indefinitely into the future, any training course that a new applicant could possibly complete would, ipso facto, not be completed until "after August 1, 2024"—and accordingly, it would not, per the notice, "be sufficient for the issuance of an LTC."

## INJURY TO PLAINTIFF LISA ROBINSON

30. Plaintiff Lisa Robinson would like to obtain a handgun and to possess and carry it for the purpose of protecting herself and her family.

31. Plaintiff Lisa Robinson does not have a LTC, and she does not qualify for any exception from the general requirement of licensure.

32. On August 1, 2024, Plaintiff Lisa Robinson contacted a firearms trainer in Holliston, Massachusetts to ask about obtaining a basic firearms safety certificate so as to apply for a LTC. The firearms trainer (Mass Firearms School) told Ms. Robinson that there were currently no approved training courses, and that there would not be any until after the Massachusetts State Police had adopted new regulations and approved new courses, and accordingly, that neither he nor any other trainer could provide Ms. Robinson with a training certificate that would permit her to apply for a LTC.

## INJURY TO PLAINTIFF COMM2A

33. Plaintiff Commonwealth Second Amendment, Inc. ("Comm2A") is a nonprofit organization recognized under §501(c)(3) of the Internal Revenue Code. The purposes of Comm2A include education, research, publishing, and legal action focusing on the constitutional right of the people to possess and carry firearms.

34. Comm2A has members and supporters throughout (and beyond) Massachusetts, including all of the individual plaintiffs. Plaintiff Lisa Robinson is a member of Plaintiff Commonwealth Second Amendment, Inc. ("Comm2A"). Comm2A brings this action on its own behalf and on behalf of its members.

35. Defendants' laws, customs, policies and practices, which result in the injury complained of, *viz.* the prospective inability to apply for or obtain a firearms license, injure the individual members and supporters of Plaintiff Comm2A in that it subjects them to the same prospective and unbounded denial of their right that it subjects Plaintiff Lisa Robinson to.

## CAUSE OF ACTION FOR DEPRIVATION OF CIVIL RIGHTS
## 42 U.S.C. §1983

36. As alleged above, and on further information and belief, Defendant Colonel Mawr, in his role as Colonel of the Massachusetts State Police, where he is responsible for the administration of firearms licensing, and more specifically, the administration of the firearms training requirements at issue here, has adopted and/or is enforcing a policy, custom or practice of refusing to accept firearms training certificates dated after August 1, 2024, even though this makes it impossible to obtain a training certificate that satisfies the statutory requirements.

37. For the time that they must wait—which presently has no end in sight, and could last for many months, or even years—the policy, custom or practice complained of completely prohibits the Plaintiffs, as well as all other people in Massachusetts, from acquiring, possessing or carrying handguns for the purpose of protecting their selves and their families (or indeed, for any other lawful purpose).

38. The policy, custom or practice, detailed above, has and continues to directly or effectively prohibit the Plaintiffs and the Plaintiffs' members, and other similarly situated

members of the public, from acquiring, possessing or carrying firearms or ammunition, thus causing injury and damage that is actionable under 42 U.S.C. §1983.

## PRAYER

39. WHEREFORE, Plaintiffs pray for the following relief:

   i. a preliminary and/or permanent injunction restraining Defendants and their officers, agents, servants, employees, and all persons in concert or participation with them, from requiring applicants for LTCs to provide basic firearms safety certificates that has a completion date of August 1, 2024 or prior;

   ii. additionally and/or alternatively, a preliminary and/or permanent injunction directing Defendants and their officers, agents, servants, employees, and all persons in concert or participation with them, to accept basic firearms safety certificates meeting the requirements of the prior law from individuals who apply for LTCs until such time as approved training courses meeting the new requirements are available;

   iii. additionally, a declaratory judgment that Defendants' refusal to accept applications for LTCs in the absence of a basic firearms safety certificate that it is impossible to obtain at the present time prevents the lawful possession of firearms and thus violate the Second and Fourteenth Amendments;

   iv. such other and further relief, including injunctive or other equitable relief, as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable; and

   v. attorney's fees and costs (including incidental costs such as expert witness fees) pursuant to 42 U.S.C. §1988 and any other applicable law.

Dated: August 1, 2024

        Respectfully submitted,

        THE PLAINTIFFS,

        By their attorneys,

        /s/ Jason A. Guida
        Jason A. Guida
        BBO # 667252
        Principe & Strasnick, P.C.
        17 Lark Avenue
        Saugus, MA 01960
        Tel: 617.383.4652
        Fax: 781.233.9192
        jason@lawguida.com

        David D. Jensen, Esq.
        Application for admission p*ro hac vice* forthcoming
        David Jensen PLLC
        33 Henry Street
        Beacon, New York 12508
        Tel: 212.380.6615
        Fax: 917.591.1318
        david@djensenpllc.com

### **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 1, 2024.

        /s/ Jason A. Guida
        Jason A. Guida